UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILAR CIRIZA EL CID GALE, AN INDIVIDUAL,<br><br>  Plaintiff,<br><br>v.<br><br>UNIFI AVIATIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, ET AL.,<br><br>  Defendants. | Case No.: 24-CV-01355 W (KSC)<br><br>**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS [DOC. 4]** |

Pending before the Court is Defendant Unifi Aviation's motion to dismiss Plaintiff's request for punitive damages. The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons provided below, the Court **DENIES** the motion [Doc. 4].

I.  **BACKGROUND**

Defendants are Prospect Airport Services, Inc., Prospect International Airport Services, LLC, Prospect International Airport Services Corporation (collectively,

"Prospect"), and Hany Salib. (*Opp'n.* [Doc. 5] at 2:1-7.) Plaintiff is Pilar Ciriza El Cid Gale. (*Id.*)

Plaintiff had a connecting flight in Dallas Ft. Worth International Airport ("DFW") to Madrid and retained Prospect to provide wheelchair transportation for her at the airport. (*Opp'n.* at 2:18-20.) After waiting approximately twenty minutes, Plaintiff was met by Salib, who was to push Plaintiff in the wheelchair to her destination. (*Id.* at 3:1.) As Plaintiff attempted to sit in the wheelchair, Salib pushed down on the metal footrest causing injuries to Plaintiff's left leg. (*Id.* at 3:1-8.) Salib then took Plaintiff to meet with Rene Perez, Prospect's managing agent and Safety and Compliance Manager. (*Id.* at 3:23-25.) Perez brought Plaintiff to the terminal building where she received care from paramedics. (*Id.* at 3:25-26.) Plaintiff then got on her connecting flight to Madrid. (*Id.* at 4:5.)

On July 31, 2024, Plaintiff filed this lawsuit for Negligence; Negligent Hiring, Retention, Supervision, and Training; Breach of Contract; and Breach of Implied Covenant of Good Faith and Fair Dealing. (*Compl.* [Doc. 1] at 1:13-19.) Plaintiff, also alleges that the "acts of Defendants were oppressive, malicious, and despicable, and Plaintiff is, therefore, entitled to an award of punitive damages against Defendants." (*Id.* at 12:1-3.)

Defendants now move to dismiss Plaintiff's request for punitive damages under Federal Rules of Civil Procedure 12(b)(6). (*P&A* [Doc. 4-1] at 2:17-19.) Defendants claim that Plaintiff's "Complaint is devoid of any allegations which would satisfy the requirements of California Civil Code Section 3294(b) for an award of punitive damages against a corporate entity." (*Id.* at 3:18-20.) Thus, Defendants seek to dismiss Plaintiff's claims for punitive damages under 12(b)(6) for failing to state a plausible claim. (*Id.* at 3:25-28.) Because Rule 12(b)(6) does not apply to punitive damage challenges based on factual insufficiencies, the Court will deny the motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). In evaluating the motion, the court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

### III. DISCUSSION

The "interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's 'plan meaning.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002)). By its very terms, Rule 12(b) pertains to defenses "to a claim for relief in any pleading" and subsection (6) allows the filing of a motion for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

"Punitive damages constitute a remedy, not a claim." *Oppenheimer v. Southwest Airlines Co.*, 2013 WL 3149483, *3 (S.D. Cal. June 17, 2013) (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999) (overruled on other grounds)) (other citations omitted). Additionally, the availability of punitive damages does not "control or even pertain to the sufficiency of any claim." *Id.* (citations omitted). Because a "12(b)(6) motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought," a motion to dismiss is not the proper mechanism to challenge a prayer for punitive damages. *Id.* at 4 (citations omitted); *see also United States v. Maricopa Cnty., Ariz.*, 915 F. Supp. 2d 1073, 1082 (D. Ariz. 2012) ("A 12(b)(6) motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought"); *Andrawes v. Flora Media, Inc.*, 2018 WL 1942197, *2 (C.D. Cal. March 16, 2018) ("[B]ecause punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide

no basis for dismissal under Fed. R. Civ. P. 12(b)(6)"); *Mata v. Digital Recognition Network, Inc.*, 2022 WL 891433, *8 (S.D. Cal. Mar. 25, 2022) ("A growing number of district courts have concluded that Rule 12(b)(6) is generally inapplicable to damage prayers"); *Murillo v. Godfrey*, 2023 WL 2825701, *16 (C.D. Cal. Feb. 21, 2023) ("[A] Motion to Dismiss under Rule 12(b) is not a proper mechanism to dismiss a prayer for punitive damages or other relief"); *Kevorkian v. Safeco Ins. Co. of Am.*, 2023 WL 6612497, *8 (S.D. Cal. Oct. 10, 2023) (citing *Strum v. Rasmussen*, 2019 WL 626167, *2-5 (S.D. Cal. Feb. 14, 2019)) (other citations omitted) ("[F]inding prayer for punitive damages is a remedy, not a claim within the meaning of Rule 12(b)(6).").

In contrast to a challenge based on insufficient facts, a defendant may move to dismiss a damage request under Rule 12(b)(6) when barred as a matter of law. In *Whittlestone*, 618 F.3d 970, the defendant filed a Rule 12(f) motion to strike punitive damages. Rule 12(f) allows a court to strike material that is: "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." Fed. R. Civ. P. 12(f). Despite these enumerated grounds, defendant's motion sought to dismiss plaintiff's request for lost profits and consequential damages on the basis the damages were precluded as a matter of law—a ground for granting a 12(b)(6) motion to dismiss, not a motion to strike. Faced with this incongruity, the court held "that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974-75. Instead, the court explained that such challenges were "better suited for a Rule 12(b)(6) motion or a Rule 56 motion…." *Id.* at 974.

Here, Defendant argues that Plaintiff failed to adequately plead facts demonstrating malice, not that punitive damages are barred as a matter of law. (*P&A* at 2:21-28). Accordingly, Rule 12(b)(6) is the wrong procedural rule to challenge Plaintiff's request for punitive damages.

//

//

IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss [Doc. 4].

**IT IS SO ORDERED.**

Dated: April 2, 2025

Hon. Thomas J. Whelan
United States District Judge